IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RUDOLPH RESENDEZ, JR., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | Civil Action No. H-19-4150 |
| v. | § | |
| | § | |
| THE UNITED STATES, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se*, filed this section 1983 lawsuit against numerous individuals and government officials.[1] He raises various challenges to his 1999 conviction and life sentence for aggravated sexual assault of a child. As judicial relief, he seeks his immediate release from prison and $1 billion in damages. He further seeks criminal prosecutions against the defendants for their alleged kidnaping and fraudulent filings.

Having considered the complaint, matters of public record, and the applicable law, the Court **DISMISSES** this lawsuit for the reasons explained below.

**I. HABEAS CLAIMS**

Among other relief, plaintiff requests immediate release from prison. Thus, he seeks habeas relief, and his claims challenging the validity of his conviction and sentence sound in habeas. However, the Court will not construe plaintiff's pleading as a habeas petition or

---

[1] Plaintiff is a "three strikes" prisoner under section 1915(g). *See Resendez v. Texas*, 440 F. App'x 305, 307, 2011 WL 3863039, at *2 (5th Cir. Sept. 2, 2011). However, he paid the $400.00 filing fee for this lawsuit and is not proceeding *in forma pauperis* at this time.

consider his habeas claims, as his claims would constitute a successive habeas petition challenging his conviction and sentence. *See Resendez v. Texas*, 440 F. App'x 305, 306, 2011 WL 3863039, at *1 (5th Cir. Sept. 2, 2011). Public online records for the Fifth Circuit Court of Appeals show that plaintiff unsuccessfully moved for authorization to file a successive habeas petition in *In re Resendez*, No. 18-20772 (5th Cir. May 2, 2019). Claims presented in *In re Resendez* are reiterated by plaintiff in the instant lawsuit.[2]

Because the Fifth Circuit has not authorized plaintiff to file a successive habeas petition challenging his conviction, this Court is without jurisdiction to address the habeas claims raised in this lawsuit. 28 U.S.C. §§ 2244(b)(2)(A), (B).

Plaintiff's claims for habeas relief are **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction, subject to his obtaining authorization from the Fifth Circuit to file a successive habeas petition.

## II. CIVIL RIGHTS CLAIMS

Plaintiff seeks monetary damages in an amount of $1 billion for the alleged violations of his constitutional rights regarding his prosecution, conviction, and sentence.[3]

---

[2]As stated by the Fifth Circuit in its order denying authorization to file a successive habeas petition, "Resendez asserts claims of ineffective assistance of counsel, trial court error, and conspiracy to violate his rights through wrongful imprisonment. Resendez contends that his life sentence is 'null and void.' He believes the state trial court dismissed the indictment against him but still allowed him to be convicted. To cover up the error, Resendez asserts that he is serving the sentences of two other men, 'Randolph Resendez' and 'Richard Lopez Trevino.'" *In re Resendez*, at *1.

[3]Plaintiff also seeks criminal prosecutions against one or more defendants for kidnaping and filing fraudulent documents regarding his criminal prosecution and conviction. This Court has no

2

As grounds for relief, plaintiff essentially claims that his conviction and sentence are null and void and that his imprisonment constitutes unlawful kidnaping. Specifically, he argues that his conviction was actually against a different individual and that he is serving that person's life sentence; that the prosecution and witnesses fabricated false testimony and trial documents and lied to the jury; that his detention and imprisonment were undertaken without due process; that his conviction was the result of a widespread conspiracy; that he was denied "a stamp of judicial approval" by the jury; that the 1995 dismissal of his divorce case constituted a judicial acquittal as to the aggravated sexual assault charges; that the forensic expert's opinions were invalid because plaintiff had refused to speak with him; that child protective services employees were not required to testify at trial; and that he was convicted and sentenced even though the jury had found him not guilty of the aggravated sexual assault charges.

Plaintiff's instant lawsuit reasserts accusations and claims that have been exhaustively addressed and uniformly dismissed as factually and legally groundless in his prior section 1983 lawsuits and appeals. *See Resendez v. City of Houston*, C.A. No. 4:06-CV-1435 (S.D. Tex. May 23, 2006) (dismissing claims as barred by limitations and *Heck*); *Resendez v. Smith*, 2007 WL 869565, *2 (E.D. Tex. March 21, 2007) (dismissing claims as barred by *Heck*); *Resendez v. United States*, 96 Fed. Cl. 283, 287 (2010) ("Mr. Resendez's claims appear to be rooted in a fixed, false belief that his imprisonment is a product of a conspiracy

---

authority to order commencement of criminal prosecution against the defendants.

3

between various agents of the State of Texas and the federal government, all of whom, at various points, colluded to either fabricate or affirm the charges against him in an effort to conceal governmental misconduct.") (quotations, citations omitted). As a result, plaintiff's pending claims are subject to dismissal as malicious. *See Shakouri v. Davis*, Appeal No. 17-20738, at *4 (5th Cir. May 1, 2019) ("We have repeatedly stated that a claim qualifies as malicious if it is virtually identical to and based on the same series of events as a claim previously brought by the plaintiff."). Plaintiff's civil rights claims are **DISMISSED WITH PREJUDICE** as malicious.

Moreover, plaintiff's claims for monetary damages remain barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The federal courts have explained to plaintiff on multiple prior occasions the legal mechanics and consequences of the *Heck* bar, and this Court will not repeat those efforts here.

Plaintiff remains confined pursuant to his 1999 conviction and life sentence. A finding in plaintiff's favor with respect to his claims that he is illegally confined and convicted would necessarily call into question the validity of his confinement and conviction. Plaintiff's conviction was affirmed on direct appeal in an unpublished opinion and the Texas Court of Criminal Appeals declined his request for discretionary review. *See Resendez v. State*, No. 14-99-01374-CR, 2001 WL 777861 (Tex. App. – Houston [14th Dist.] July 12, 2001, pet. ref'd). His state and federal habeas proceedings have been routinely dismissed and/or denied. Because neither plaintiff nor public court records show that his conviction

and sentence have been declared invalid, his claims for monetary damages are barred by *Heck*. Consequently, and in the alternative, plaintiff's civil claims are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck* conditions are satisfied.

## III. CONCLUSION

For the reasons set forth above, plaintiff's claims sounding in habeas are **DISMISSED WITHOUT PREJUDICE**.

Plaintiff's civil rights claims are **DISMISSED WITH PREJUDICE** as malicious. In the alternative, plaintiff's civil rights claims are **DISMISSED WITH PREJUDICE** to being asserted again until the *Heck* conditions are satisfied.

Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 17th day of December, 2019.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE